UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROOKSTONE COMPANY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHARPER IMAGE CORPORATION,<br><br>　　　　　Defendant. | Civil Action No. 04 10907 PBS<br><br>**SHARPER IMAGE'S ANSWER AND COUNTERCLAIMS TO BROOKSTONE COMPANY, INC.'S COMPLAINT** |

Defendant Sharper Image Corporation ("Sharper Image" or "Defendant"), by its attorneys submits its Answer, Counterclaims and Jury Demand to the Complaint of plaintiff, Brookstone Company, Inc. ("Plaintiff" or "Brookstone"), as follows:

## PARTIES

1.　　Admitted.

2.　　Admitted.

## JURISDICTION AND VENUE

3.　　Sharper Image admits that this civil action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* and that this Court has jurisdiction over the claims presented herein pursuant to 28 U.S.C. § 1338(a).  Sharper Image denies the basis for these claims, leaving Brookstone to the proofs thereof.

4.　　Sharper Image admits that it is a Delaware corporation regularly conducting or soliciting business within the Commonwealth of Massachusetts and denies the remaining allegations of this paragraph.

5. Sharper Image admits that it is a Delaware corporation regularly conducting or soliciting business within the Commonwealth of Massachusetts and denies the remaining allegations of this paragraph.

6. Sharper Image admits that, pursuant to 28 U.S.C. § 1391(c), it is subject to personal jurisdiction in the District of Massachusetts and that because it has at least one regular and established place of business in this District, venue is proper in this District pursuant to 28 U.S.C. § 1400(b).  Sharper Image denies the remaining allegations of this paragraph.

## GENERAL ALLEGATIONS

7. Sharper Image lacks information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

8. Sharper Image admits that one of Brookstone's products is the "Super Bright Chef's Fork Thermometer."  Sharper Image lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies the same.

9. Sharper Image admits that it offers for sale and sells the Accused Fork and denies the remaining allegations of this paragraph.

10. Sharper Image admits that it offers for sale and sells the Accused Fork throughout the United States including Massachusetts.  Sharper Image denies the remaining allegations of this paragraph.

## FIRST CLAIM FOR RELIEF FOR INFRINGEMENT OF U.S. PATENT NO. 5,983,783

11. Sharper Image admits that the '783 Patent issued on November 16, 1999, and is entitled "Electronic Chef's Fork" and Exhibit C appears to be a copy of the '783 patent.  Sharper Image denies that remaining allegations of paragraph 11.

605688/D/2
PMComplaint

*Sharper Image's Answer and Counterclaims to Brookstone Company Inc.'s* 254394.1.BOSHRTHAR_49 7/7/04 2:49
*Civil Action No. 04 10907 MEL*

2

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## SECOND CLAIM FOR RELIEF FOR INFRINGEMENT OF U.S. PATENT NO. 6,065,391

16. Sharper Image admits that United the '391 Patent issued on May 23, 2000, and is entitled "Electronic Chef's Fork" and Exhibit D appears to be a copy of the '391 patent. Sharper Image denies that remaining allegations of paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, Sharper Image states as follows:

### First Affirmative Defense

The complaint fails to state a cause of action on which relief can be granted.

### Second Affirmative Defense

Brookstone is barred from asserting the claims, in whole or in part by the equitable doctrines of estoppel, waiver, and/or unclean hands.

### Third Affirmative Defense

At the time of filing its complaint, Brookstone failed to join as required under Fed.R.Civ.P. 19 necessary and indispensable parties to this action for just adjudication.

605688/D/2 PM*Complaint*   *Sharper Image's Answer and Counterclaims to Brookstone Company Inc.'s* 254394.1.BOSHRTHAR_49 7/7/04 2:49

*Civil Action No. 04 10907 MEL*

3

### Fourth Affirmative Defense

Brookstone has not been injured or suffered any damages as a result of any alleged act, conduct or omission of Sharper Image.

### Fifth Affirmative Defense

Sharper Image has not infringed, contributorily infringed, and/or induced infringement of United States Patent No. 5,983,783 (the "'783 Patent")

### Sixth Affirmative Defense

United States Patent No. 5,983,783 (the "'783 Patent") is invalid and/or unenforceable for failure to meet the statutory requirements for patentability specified in Title 35, Section 103 of the United States Code.

### Seventh Affirmative Defense

Sharper Image has not infringed, contributorily infringed, and/or induced infringement of United States Patent No. 6,065,391 (the "'391 Patent").

### Eighth Affirmative Defense

United States Patent No. 6,065,391 (the "391 Patent") is invalid and/or unenforceable for failure to meet the statutory requirements for patentability specified in Title 35, Section 103 of the United States Code.

### Ninth Affirmative Defense

Brookstone failed to adequately mark its product and is not entitled to damages for any infringing activity that occurred prior to the date it provided actual notice of the alleged infringement to Sharper Image.

605688/D/2     *Sharper Image's Answer and Counterclaims to Brookstone Company Inc.'s* 254394.1.BOSHRTHAR_49 7/7/04 2:49 PM*Complaint*

*Civil Action No. 04 10907 MEL*

4

## COUNTERCLAIMS

### Parties and Jurisdiction

1. Sharper Image is a Delaware Corporation with its principal place of business located at 650 Davis Street, San Francisco, California.

2. Brookstone is a New Hampshire corporation, with its principal place of business located at 17 Riverside St., Nashua, New Hampshire.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Moreover, Brookstone, by filing its complaint, has submitted itself to the jurisdiction of this Court.

4. By its complaint filed on May 7, 2004, Brookstone has charged Sharper Image with infringement of the '783 and '391 Patents. There is therefore, a substantial, actual, and continuing controversy within the meaning of 28 U.S.C. § 2201, between Brookstone and Sharper Image with respect to the invalidity, non-infringement, and unenforceability of the '783 and '391 Patents.

### COUNT I

### DECLARATORY JUDGMENT FOR NONINFRINGEMENT OF THE '783 AND '391 PATENTS

5. Sharper Image realleges and incorporates by reference the allegations of paragraphs 1 through 4 of its counterclaims.

6. Sharper Image has not infringed, contributorily infringed, and/or induced infringement of the '783 or '391 Patents and is not liable for infringement thereof.

605688/D/2 PM*Complaint*   *Sharper Image's Answer and Counterclaims to Brookstone Company Inc.'s* 254394.1.BOSHRTHAR_49 7/7/04 2:49

*Civil Action No. 04 10907 MEL*

5

## COUNT II

### DECLARATORY JUDGMENT
### FOR INVALIDITY AND UNENFORCEABILITY OF THE '783 AND '391 PATENTS

7. Sharper Image realleges and incorporates by reference the allegations of paragraphs 1 through 6 of its counterclaims.

8. The '783 and '391 Patents are invalid and/or unenforceable for failure to meet the statutory requirements for patentability specified in 35 U.S.C. § 103.

### PRAYER FOR RELIEF

WHEREFORE, Sharper Image prays that this court grant the following judgment and relief:

A. That Brookstone's request for injunctive relief be denied;

B. That Brookstone take nothing by its complaint;

C. That all claims of the '783 Patent be declared invalid;

D. That Sharper Image is not liable for infringement of the '783 Patent;

E. That all claims of the '391 Patent be declared invalid;

F. That Sharper Image is not liable for infringement of the '391 Patent;

I. That Brookstone's Complaint be dismissed with prejudice;

J. That judgment be awarded to Sharper Image on all claims of the Complaint and Counterclaims;

K. That this case is exceptional under 35 U.S.C. § 285;

L. That Sharper Image be awarded its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285 and other applicable laws; and

M.	That Sharper Image be granted all other and further relief as this Court may deem just and proper.

Dated:	July 7, 2004.

Respectfully submitted,

/s/ Timothy C. Blank
Timothy C. Blank (BBO No. 548670)
Matthew A. Porter (BBO No. 630625)
DECHERT LLP
200 Clarendon Street, 27th Floor
Boston, MA  02116
(617) 728-7154
Fax:  (617) 426-6567


e. robert (bob) wallach (SBN 29078)
Lawyer-Counselor
Law Offices of e.robert (bob) wallach, P.C.
P.O. Box 2670
San Francisco, CA 94126-2670
155 Jackson Street No. 602
San Francisco, CA 94111
Telephone:  (415)-989-6445
Facsimilie:  (415)-989-3802

Alan L. Barry
Amy O'Toole
Noelle J. Quinn
Bell, Boyd, & Lloyd LLC
Three First National Plaza
70 West Madison, Suite 3300
Chicago, IL 60610
Telephone:  (312) 372-1121
*(pro hac vice applications pending)*

*Attorneys for Plaintiff Sharper Image Corporation*