UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 23 P 3: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BROOKSTONE COMPANY, INC., a New Hampshire corporation, | Case No. 04 10907 NMG |
| Plaintiff, | |
| v. | |
| SHARPER IMAGE CORPORATION, a Delaware corporation, | |
| Defendant. | |

## JOINT STATEMENT

In accordance with Local Rule 16.1 and FED. R. CIV. P. 16(b), (c) and FED. R. CIV. P. 26(f), the plaintiff, Brookstone Company, Inc. ("Brookstone"), and the defendant, Sharper Image Corporation ("Sharper Image"), submit this Joint Statement.

### I. AGENDA

The matters to be discussed at the Scheduling Conference on September 30, 2004, will include, but will not be limited to, discovery, use of phasing of discovery, filing of motions, consenting to trial by Magistrate Judge and the use of alternative dispute resolution procedures.

**A. CONCISE SUMMARIES OR POSITIONS**

**1. Brookstone's Position.**

Brookstone is a nationwide specialty retailer offering an assortment of consumer products that are functional in purpose, distinctive in quality and design and not widely available from other retailers. Brookstone has a long history of developing and bringing to market unique, proprietary branded products. One of Brookstone's unique and patented products is the "Super Bright Chef's Fork Thermometer." This product when introduced was available exclusively from

Brookstone. Brookstone is the sole owner by assignment of United States Patent No. 5,983,783 (the "'783 Patent") and United States Patent No. 6,065,391 (the "'391 Patent"). Sharper Image manufactures, imports, uses, offers for sale and/or sells a fork, labeled "Rainproof Grill Fork," Item No. SF007, that indicates the degree of doneness of cooked meat (referred to herein as the "Accused Fork"). Sharper Image has infringed one or more claims of each of the '783 and '391 Patents by its importation, use, sales, and/or offers for sale of the Accused Fork. Furthermore, in spite of its knowledge of these patents, Sharper Image willfully infringed these patents. By its Complaint, Brookstone seeks damages under 35 U.S.C. §284 adequate to compensate for the infringement, including lost profits, but in no event less than a reasonable royalty, and in addition seeks attorneys fees under 35 U.S.C. § 285, and increased damages under 35 U.S.C. § 284, as well as an injunction.

### 2. Sharper Image's Position.

Sharper Image is nationally and internationally renowned as a specialty retailer and product developer. On June 3, 2004, Sharper Image filed an Answer to Brookstone's Complaint denying the alleged infringement and alleging several defenses, including that Brookstone failed to state a claim, that Brookstone is barred by estoppel, waiver and/or unclean hands from asserting the '783 and '391 Patents, and that the '783 and '391 Patents are invalid under 35 U.S.C. § 103. In addition, at the time of filing, Brookstone failed to join (as required under Fed.R.Civ.P. 19), necessary and indispensable parties to this action for just adjudication and has failed to properly mark its product and, therefore, is not entitled to damages for any alleged infringing activity that occurred prior to the date it provided actual notice of the infringement.

In addition, Sharper Image filed counterclaims for a declaration of non-infringement, unenforceability, and invalidity of the '783 and '391 Patents. As set forth more specifically in its Answer and Counterclaims, Sharper Image denies the allegations set forth above by Plaintiff.

### B. PROPOSED DISCOVERY PLAN

It is stipulated and agreed by and between counsel for Plaintiff and Defendant that the following deadlines should apply to the various stages of discovery described below. Unless otherwise agreed between the parties and/or permitted or ordered by the Court, the various stages of discovery shall be completed no later than the deadlines indicated.

**PHASE I**

| | |
|---|---|
| Automatic Disclosure pursuant to Local Rule 26.2 to be made by Plaintiff and Defendant by | October 14, 2004 |
| Party or parties to move, if at all, for a Markman claim construction procedure | July 15, 2005 |
| Requests to produce documents for inspection and Copying under FED. R. CIV. P. 34 to be served by | May 27, 2005 |
| Interrogatories under FED. R. CIV. P. 33 to be served by | May 27, 2005 |
| Responses to document requests under FED. R. CIV. P. 34 to be served by | 30 days after service |
| Answers to interrogatories under FED. R. CIV. P. 33 to be served by | 30 days after service |
| Depositions of fact and/or lay witnesses to be concluded by | June 30, 2005 |
| Amendments to pleadings by | December 31, 2004 |
| Requests for admission under FED. R. CIV. P. 36 to be served, if at all, by | May 29, 2005 |
| Responses to requests for admissions under FED. R. CIV. P. 36 to be served by | 30 days after service |

**PHASE II**

Expert disclosures, and reports of experts to be provided by . . . . . . . . . . . . . .August 15, 2005

Rebuttal Expert Reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . September 15, 2005

Depositions of expert witnesses to be completed by . . . . . . . . . . . . . . . . . October 21, 2005

**DISPOSITIVE MOTIONS**

Plaintiff's Proposal:

> Dispositive motions may be filed by any party at any time
> up to and including . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . November 11, 2005

Defendant's Proposal:

> Sharper Image requests that dispositive motions be filed by either party after the close of fact discovery, June 30, 2005 and until November 11, 2005.

Oppositions to dispositive motions to be filed within twenty-eight (28) days of service of the dispositive motion.

Replies to dispositive motions to be filed within fourteen (14) days of service of the motion.

**TRIAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . March 1, 2006

    **B.**    **TRIAL BY MAGISTRATE JUDGE**

The parties have not yet made a decision regarding whether they will consent to submitting the case for trial by a Magistrate Judge.

    **C.**    **ALTERNATIVE DISPUTE RESOLUTION**

The parties have already engaged in mediation, and settlement discussions are continuing in an effort to resolve this action and other related matters.

    **II.**    **CERTIFICATION**

The Plaintiff and the Defendant and their respective counsel will submit separate certifications stating that they each have conferred with a view of establishing a budget for the costs of conducting the full course (and various alternative courses) of this litigation, and to

consider the resolution of this litigation through the use of alternative dispute resolution programs, in advance of or at the September 30, 2004 Scheduling Conference in this matter.

| RESPECTFULLY SUBMITTED, | RESPECTFULLY SUBMITTED, |
|---|---|
| Jonathan D. Cohen (BBO# 600081)<br>John F. Farraher, Jr. (BBO#568194)<br>GREENBERG TRAURIG, LLP<br>One International Place, 20th Floor<br>Boston, Massachusetts 02110<br>617-310-6000<br><br>and<br><br>George G. Matava *(Pro Hac Vice)*<br>Brian A. Carpenter *(Pro Hac Vice)*<br>GREENBERG TRAURIG, LLP<br>1200 17th Street, Suite 2400<br>Denver, Colorado 80202<br>Telephone: (303) 572-6500<br><br>Attorneys for Plaintiff Brookstone Company, Inc. | Timothy C. Blank (BBO No. 548670)<br>Matthew A. Porter (BBO No. 630625)<br>DECHERT LLP<br>200 Clarendon Street, 27th Floor<br>Boston, Massachusetts 02116<br>(617) 728-7154<br>Fax: (617) 426-6567<br><br>Alan L. Barry *(Pro Hac Vice)*<br>Amy G. O'Toole *(Pro Hac Vice)*<br>Noelle J. Quinn *(Pro Hac Vice)*<br>Bell, Boyd & Lloyd LLC<br>Three First National Plaza<br>70 West Madison Street, Suite 3300<br>Chicago, Illinois 60602<br>Telephone: (312) 372-1121<br><br>Attorneys for Defendant Sharper Image Corporation |

DEN-SRV01\161014v01\00000.000001

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on ___9/23/04___